# BLONDET GAUDINAUT, Plff.,

*v.*

# JEREMIAH SMITH, JR., Dft.

San Juan, Law, No. 1178.

UNLAWFUL DETAINER (DESAHUCIO).

Unlawful Detainer—Necessary Parties.
> 1. In an action brought under the Act of March 9, 1905, establishing unlawful detainer proceedings, the person in material possession of the property must be made a party defendant.

Payment for the Account of Another—§ 1126 of the Civil Code—Burden of Proof.
> 2. Under § 1126 of the Civil Code any person, with or without interest, may make payment for the account of another, but a plaintiff is not required to allege that no one has made payment, as this would be putting the burden on him of negativing the defense.

Pleading—Complaint—Ultimate Facts.
> 3. It is a general rule of pleading that only the ultimate facts, and not evidentiary matters, may be set out in a complaint; but where it is attacked on the ground that it is uncertain, ambiguous, and unintelligible in that it does not set forth sufficient facts to enable the defendant to prepare his defense, it must be made more specific.

Opinion filed June 2, 1917.

*Messrs. Francis & Soto* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

Gaudinaut v. Smith.

HAMILTON, Judge, delivered the following opinion:

This suit was brought in the local district court at Guayama and removed to the Federal court. It comes up now upon a demurrer setting up several alleged defects in the complaint, which has been translated, but not rewritten.

The demurrer admits the allegations of the complaint, and these are that the plaintiff owns the land in controversy and leased it in 1900 to De Ford & Company. Central Aguirre, who assigned the lease to the present defendant, Jeremiah Smith, Jr., on November 15, 1905. The person actually in possession of the property is alleged to be one Charles L. Crehore, who is the sublessee (subarrendatario) of the defendant, Jeremiah Smith, Jr., under a sublease dated May 25, 1914, but elsewhere in the complaint Crehore is spoken of as an agent (agente) of the defendant Smith. The complaint alleges that, although the payment was to be made annually in advance, the present defendant on September 28, 1916, failed to pay the lessor plaintiff the rental stipulated, and furthermore that the defendant and his arrendatario, Charles L. Crehore, exploited the land by excavating sand, gravel, and rock, thereby injuring the property to an amount not less than $10,000. Wherefore, the plaintiff asks judgment of unlawful detainer, and "directing the defendant to vacate the premises as well as any other person who in his name may unlawfully detain said property as sublessee, agent, or in any other capacity," together with costs, and with such other relief as may be proper.

1. The demurrer raises in the first place the point that Crehore is a necessary party, being the person in possession. The complaint admits that Crehore is in possession.

Gaudinaut v. Smith.

The rights of the lessor are provided in § 1472 of the Civil Code of Porto Rico, which reads as follows:

"The lessor may judicially dispossess the lessee for any of the following causes:

"1. Upon the expiration of the conventional period or the one fixed for the duration of leases in §§ 1480 and 1484.

"2. Default in payment of the price agreed upon.

"3. Infraction of any of the conditions stipulated in the contract.

"4. When the lessee employs the thing leased in uses or services not stipulated, and which cause the same to be impaired, or when he does not comply, with regard to its use, with the provisions of number 2 of § 1458."

This suit is brought not under the general provisions of the Civil Code or the Code of Civil Procedure, but directly under the Act of March 9, 1905, "establishing unlawful detainer proceedings (desahucio)." The suit is to be commenced by the owner or his representative, and under § 2 to run against "tenants, colonos, and other lessees of property . . . or any other person who retains material possession thereof, or enjoys the same by sufferance without paying any rental or other consideration whatever." Under § 5, "the summons shall be served upon the person who, in the defendant's name, is in any way in charge of the property." On the one hand Smith is tenant, but on the other he does not retain the material possession. The plaintiff contends that he knows only his tenant Smith, and that there has been no novation by which he recognizes the subtenancy of Crehore. Nevertheless the proceedings in unlawful detainer are against the person unlawfully detaining, and cannot be against anyone else, and the complaint itself speaks of Cre-

Gaudinaut v. Smith.

hore as exploiting and injuring the property. If a suit be brought against a subtenant, it may be that he could bring in his landlord. Or it may be that a suit could be brought against a tenant to cancel his lease when he has unlawfully parted with the possession; but a tenant can assign his lease if there is no covenant contra. Berrecil v. Post, 22 P. R. R. 681. This would not be a suit of unlawful detainer, for ex hypothesi he would not be the one unlawfully detaining the property. If the present suit is to prosper the person in possession, whether lawfully or unlawfully, must be a party defendant. He may be added under § 74 of the Code of Civil Procedure, which is as follows: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and thereupon the party, directed by the court, must cause to be served a copy of the summons in the action and the order aforesaid, in like manner as provided for the service of the summons, upon each of the parties ordered to be brought in, who shall have ten days or such time as the court may order, after service, in which to appear and plead; and in case such party fail to appear and plead within the time aforesaid, the court may cause his default to be entered and proceed as in other cases of default, or make such other order as the condition of the action and justice shall require; and when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be brought in by the proper amendment."

The demurrer therefore is sustained on the first ground.

Gaudinaut v. Smith.

2. The demurrer relies upon § 1126 of the Civil Code, which provides as follows: "Any person, whether he has an interest or not in the fulfilment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment. The person paying for the account of another may recover from the debtor what he may have paid, unless he has done it against his express will. In such case he can only recover from the debtor in so far as the payment has been useful to him."

And the demurrer sets up that therefore the complaint must negative the payment of rent by Crehore, inasmuch as he can pay the rent. The section in question, however, seems to go much further, and allows any person, with or without interest, to make the payment. So that, if the contention is sound, there must be an allegation that no one has made the payment. This would seem to be going too far, as it would be putting the burden on the plaintiff of negativing the defense. This ground, therefore, cannot be sustained.

3. The demurrer claims that the complaint is insufficient, uncertain, ambiguous, and unintelligible in that it does not set forth the facts making up the alleged trespass or exploitation of the premises which are claimed as a breach of the lease. The property is alleged to consist of eight hundred cuerdas of land, and is therefore a large tract. The defendant is entitled to some certainty in the allegations of such exploitation as to time, place, and circumstances. It might be that defendant could show that some of the injury complained of was by his predecessor, De Ford & Company, Central Aguirre, if there was more particularity in the allegations. There might be other defenses which could be made showing that the defendant had not

Gaudinaut v. Smith.

committed particular exploitations if the allegations were more specific. The general rule of pleading is that evidentiary matters need not be set out, that all that are needed are the ultimate facts; but in human affairs facts must occur at a given time and place, and ultimate facts must be set out under these categories. The demurrer is overruled as to the second ground, but is sustained as to the others.

It is so ordered.